## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT KANSAS

| | |
|---|---|
| Julia A. Miles,                 ) | |
|                    ) | |
|           Plaintiff,   ) | |
| vs.                       ) | Case No. 04-4141-SAC |
|                    ) | |
| Southwestern Bell Telephone, L.P.,   ) | |
|                    ) | |
|          Defendant.   ) | |

## <u>ORDER</u>

This matter comes before the court for consideration of sanctions pursuant to Fed. R. Civ. P. 16(f) for plaintiff's failure to submit her confidential settlement report by the deadline provided in the court's scheduling order in this case (Doc. 10). On May 10, 2005, the court entered a notice and order to show cause (Doc.15) requiring plaintiff to show cause, in writing, by May 17, 2005, why she should not be sanctioned for her failure to submit her confidential settlement report in compliance with the court's scheduling order (Doc. 10). On May 17, 2005, plaintiff's counsel, Tom L. Green, filed plaintiff's response to the court's notice and order to show cause (Doc. 16). In plaintiff's response, plaintiff's counsel admits to the facts as recited in the court's notice and order to show cause.[1] Plaintiff's counsel goes on to take full personal responsibility for the failure to timely submit plaintiff's confidential report and explains his failure

---

[1] Response To Order To Show Cause (Doc. 16) at ¶ 1.

to timely submit plaintiffs report as being due to a combination of a significant trial schedule,[2] technical difficulties involving his office equipment,[3] the fact he is a sole practitioner without the assistance of staff,[4] and his personal medical condition.[5]

The facts of the instant circumstance, as recited in the court's May 10, 2005-notice and order to show cause, and admitted by plaintiff in her May 17, 2005-response to that order, are as follows:

On February 7, 2005, the court conducted a telephone scheduling conference in this case, at which the parties agreed to a schedule for pretrial activities (Doc. 9).  This schedule was memorialized in the court's scheduling order  (Doc. 10), which provided, *inter alia*, for the parties to submit their confidential settlement reports to the court by March 31, 2005, confer and make joint or individual recommendations to the court regarding who should serve as mediator in the case by March 31, 2005, and conduct mediation by May 9, 2005.  Defendant's counsel was to submit an ADR report to the court within five days of the date of the scheduled mediation.

Defendant submitted its confidential settlement report to the court on March 28, 2005.  In its report, defendant indicated that the parties had not conferred to discuss possible mediators or a date for mediation despite attempts by defendant's counsel to contact plaintiff's counsel for that purpose.  No confidential settlement report was received from plaintiff by the March 31, 2005-deadline.  Subsequent

---

[2] *Id.* at ¶ 2.

[3] *Id.* at ¶ 3.

[4] *Id.* at 2ⁿᵈ ¶ 3 (Plaintiff's response includes two sequential paragraphs that are enumerated as three.).

[5] *Id.* at ¶ 4.

to the deadline, the court attempted to contact plaintiff's counsel by telephone to inquire about the status of plaintiff's settlement report. The court was unable to reach plaintiff's counsel, but left a voice mail at his office requesting that he either submit the report or contact the court as soon as possible. The court never received any response to its voice mail.

On May 4, 2005, the court conducted a telephone scheduling conference in another case in which plaintiff's counsel has appeared. After completing that conference, the court asked plaintiff's counsel about the confidential settlement report in the instant case. Plaintiff's counsel responded that he would submit plaintiff's settlement report to the court later that day or the following day. Plaintiff's settlement report was not received on that day or the following day.

On May 9, 2005, the deadline for the parties to complete mediation, defendant's counsel submitted an ADR report to the court indicating that mediation had not been conducted. In a brief e-mail message accompanying the report, defendant's counsel indicated that she had not had any communication with plaintiff's counsel.

On May 17, 2005, subsequent to the court's entry of its notice and order to show cause, plaintiff's counsel attempted to submit plaintiff's confidential settlement report to the court as an attachment to an Internet e-mail. The court received an e-mail to that effect from plaintiff's counsel; however, nothing was attached to the copy of the e-mail received by the court at that time. The court notified plaintiff's counsel of this problem and subsequently received a copy of plaintiff's settlement report.

While the court appreciates the candor of plaintiff's counsel in taking responsibility for failing to submit plaintiff's confidential settlement report in a timely manner, candor alone does not excuse the failure to follow the requirements of the court's scheduling order. Moreover, the explanations provided by

plaintiff's counsel are inadequate in that they do not address why no attempt was made to contact the court to secure more time to submit the report, or in some other fashion seek relief, to avoid violation of the court's scheduling order deadline.

The press of business, technical difficulties, and inadequate resources might serve as adequate bases to request an extension of a due date, but they do not address why the court's deadline was simply ignored without leave or explanation.  While plaintiff's counsel indicates that he suffers various medical conditions that contributed to his delinquency in this instance, there is no suggestion that any of these conditions were of an emergency nature.  Certainly adverse medical conditions could provide adequate justification for an extension of the court's deadline or other relief; however, non-emergency medical conditions once again do not provide any justification for simply ignoring a deadline without making any effort to contact the court and work out an alternative arrangement.

Fed. R. Civ. P. 16(f) provides the court with authority to sanction a party or a party's attorney for failure to obey a scheduling or pretrial order.  The court may make "such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."[6]  Plaintiff's counsel requests that any sanction the court finds appropriate in this instance be imposed against him, and not his client, as the failure to timely submit the report was completely his responsibility.[7]  The court agrees.

After consideration of all the circumstances, the court determines that the proper sanction in this instance is to formally admonish plaintiff's counsel, Tom L. Green, for his lack of diligence and attention to detail in failing to comply with the specifications of the court's scheduling order.  While the court declines

---

[6] Fed. R. Civ. P. 16(f).

[7] Response To Order To Show Cause (Doc. 16) at ¶ 9.

to impose a harsher sanction, such as a significant monetary sanction or a recommendation to the trial judge that the case be dismissed with prejudice, at this time, Mr. Green should be aware, and is hereby put on notice, that the court will not hesitate to do so in response to any future repetition of this sort of behavior – in this case or any other in which Mr. Green has entered any appearance before this court.

An attorney's failure to comply with the court's deadlines and orders in a case, frustrates the court's goal of an orderly and efficient resolution of the matter, potentially prejudices any or all parties to the litigation, and falls far short of the mark of diligent advocacy by potentially putting the interests of the attorney's own client at risk. These possible negative consequences should provide an attorney with adequate incentives to diligently comply with the deadlines established and orders issued in a case even without the possibility of sanctions. However, should these incentives alone prove insufficient, Mr. Green should be mindful of the strong probability of serious sanctions for any repetition of his failure to diligently comply with the court's orders in the future. The court strongly urges Mr. Green to heed this warning and admonition as it will not tolerate any future repetition of this type of behavior and will not be inclined to provide any additional warning before imposing whatever sanction it deems appropriate to address any such repetition.

**IT IS SO ORDERED.**

Dated this 7th day of June, 2005, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U. S. Magistrate Judge

5