IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JULIA A. MILES,

                              Plaintiff,

vs.                                             No. 04-4141-SAC


SOUTHWESTERN BELL TELEPHONE, L.P.,

                              Defendant.


MEMORANDUM AND ORDER


        This case comes before the court on defendant's motion to dismiss

the case for lack of prosecution pursuant to Rule 41.  When plaintiff failed to

respond to the motion to dismiss, the court issued an order for plaintiff to show

cause why that motion should not be decided as an uncontested motion.  No

response has been received to the show cause order.

**Legal Standard**

        "A district court undoubtedly has discretion to sanction a party for

failing to prosecute or defend a case, or for failing to comply with local or federal

procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  This

discretion includes dismissal for discovery violations. *Archibeque v. Atchison*, *Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995); Fed. R. Civ. P. 41(b). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." *Reed*, 312 F.3d at 1195 (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

**Factual analysis**

The court, having reviewed the procedural history of the case, the substance of the pleadings and prior court orders, and the exhibits attached to defendant's memorandum in support of its motion to dismiss, finds that dismissal is warranted.

**Prejudice to the Defendant**

This case has been on the docket for over a year with little progress. Defendant has made multiple unsuccessful attempts to communicate with plaintiff's

2

counsel concerning matters related to mediation, discovery, and the overall litigation of this case.  As a result of this lack of communication and participation in discovery, defendant has been unable to prepare this case for trial.  Defendant has thus been prejudiced by the failure to move plaintiff's case forward.

### Interference with the judicial process

Interference with the judicial process has been significant.  Due to plaintiff's failure to adhere to deadlines, the court has issued two orders compelling a response from plaintiff: a  show cause order regarding plaintiff's failure to submit the required ADR report to the magistrate judge, Dk. 15, and an order granting defendant's motion to compel discovery, Dk. 24.  Only once did plaintiff's counsel respond.  Dk. 16.  As a result of  numerous delays attributable to plaintiff, the court not only had to amend the initial Scheduling Order, but also had to subsequently suspend deadlines set forth in the Amended Scheduling Order.  Prior orders of the court reflect the difficulty the court has had in communicating with plaintiff's counsel.

### Plaintiff's culpability

There is no indication that the plaintiff herself has been dilatory or has contributed to her attorney's failure to comply with the Federal Rules of Civil Procedure and the court's prior orders.  In fact, in the sole response filed by

3

plaintiff's counsel to date, plaintiff's counsel took full responsibility for the dilatory discovery.  Dk. 16.

### Warning of Possible Dismissal

The court has warned plaintiff not once, but twice before that the continued failure to prosecute could warrant dismissal with prejudice.  The first warning of possible dismissal came when plaintiff's counsel failed to submit plaintiff's confidential settlement report.  In June of 2005, the court formally admonished plaintiff's counsel for his lack of diligence and attention to detail in failing to comply with the specifications of the court's scheduling order, and expressly warned that the court would not hesitate to dismiss the case with sanctions in the event of any future repetition of similar behavior.  Dk. 17p. 5-6.

The second warning of possible dismissal came in September of 2005 when plaintiff failed to respond to defendant's discovery requests.  In granting defendant's motion to compel, the court stated:  "Plaintiff and her counsel are warned that failure to comply with this order will likely result in the imposition of stern sanctions, including, but not limited to, an award of attorneys fees and dismissal of the case with prejudice."  Dk. 24, p. 2.   To date, the discovery which the court ordered plaintiff to produce has not been produced.  Any further warning would appear to be futile and is unnecessary.

**Effectiveness of lesser sanction**

The court does not believe that any sanction less than dismissal would be effective.  The court has already sanctioned plaintiff once by issuing a formal admonishment to plaintiff's counsel.  Additionally, despite the court's order compelling plaintiff to provide responses to defendant's discovery requests, plaintiff has not done so.  Thus the court has previously attempted to correct the behavior by issuing a lesser sanction, to no avail.

**Conclusion**

The above factors weigh heavily in favor of dismissal.  *See Dochterman v. Res. Realizations*, 56 Fed. Appx. 455, 459-60 (10th Cir. 2003) (holding that sanction of dismissal was warranted when plaintiff had failed to appear for deposition on multiple occasions and following plaintiff's failure to comply with orders of the court, including an order that plaintiff make medical records available to the defendant); *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1030 (10th Cir. 1988) (finding that district court properly dismissed plaintiff's action for failure to provide discovery where plaintiff had over six months to submit supplemental answers to interrogatories as ordered but willfully failed despite threat of dismissal).

Under Federal Rule of Civil Procedure 41(b), a district court may

5

dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court."  *Cosby v. Meadors,* 351 F.3d 1324, 1333 (10th Cir. 2003).   Similarly, Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue "[a]n order ... dismissing the action" "[i]f a party ... fails to obey an order to provide or permit discovery."  *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992).  *See also* Fed. R. Civ. P. 16(f).  It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.  *Ehrenhaus*, 965 F.2d at 918.

Nonetheless, the court heeds the Tenth Circuit's caution in *Ehrenhaus* that ... "in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation.  *See, e.g., Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982) (per curiam)."  965 F.2d at 920, n. 3.  Here, plaintiff did not act *pro se* but took no action to protect herself, believing she was represented by able counsel.  Due to the unusual and unfortunate circumstances of this case relating to plaintiff's

counsel,[1] representation by counsel may have jeopardized plaintiff's case to an even greater extent than had she been acting *pro se.* Because the court does not wish to penalize plaintiff for conduct which is solely attributable to her counsel, the court believes that a sanction other than dismissal with prejudice is warranted.

Accordingly, the court shall dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b), subject to the following conditions should plaintiff refile her complaint:  (1) discovery conducted in this case will be used in the refiled case; (2) at the time of refiling, plaintiff shall provide defendant with any discovery responses and/or documents currently outstanding in this case; (3) plaintiff shall promptly comply with all discovery requirements in the refiled case; (4) plaintiff will reimburse defendant for the court costs of this action; and (5) plaintiff shall timely pay the fees defendant incurred in filing the motion to dismiss in this case as well as any other fees or expenses defendant shows to be duplicative, the amount of such fees and expenses to be determined by the court at the time plaintiff refiles her claims.  Should plaintiff decide to refile this case and fail

---

[1]The court is aware from pleadings in another case involving this same counsel that on October 5, 2005, Mr. Green was found to have "neglected" the affairs of his clients and to be "in need of assistance."  *See Smith v. Dollar General Corp. et al,* No. 04-4174, Dk. 36, Attachment 1, p. 2 *(In the Matter of Tom L. Green, Order Appointing Assisting Lawyer,* 10/05/05).  Pursuant to Kan. Sup. Ct. R. 221, Sedgwick County Judge Anderson has appointed another attorney to review Mr. Green's files and to attempt to protect the interests of his clients.

to meet any of the conditions set forth above, the court shall, upon defendant's motion, convert this dismissal into a dismissal with prejudice.  The court will retain jurisdiction over this matter to entertain a motion by defendant for fees and/or  to convert such a dismissal.

IT IS THEREFORE ORDERED that plaintiff's case is dismissed without prejudice based upon the conditions set forth above.

Dated this 21st day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge